UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


BARRY CROWE                                                                                    PLAINTIFF

VS.                                                             CIVIL ACTION NO. 3:O5-cv-278WS

LFI, FORT PIERCE, INC.;
BRENDA HARRISON, Individually;
CLEVE MATHIS, Individually;
WILLIAM EHMAN, Individually; and
JOHN DOES 1-20                                                                             DEFENDANTS


### ORDER GRANTING REMAND

Before this court is plaintiff Barry Crowe's Motion for Remand **[docket # 7]**, filed pursuant to Title 28 U.S.C. 1447(c).[1] On May 04, 2005, defendants filed a Notice of Removal **[docket # 1]**, and on that same day filed a Motion to Dismiss for failure to state a claim upon which relief may be granted and for improper venue and Motion to Strike **[docket #2]**. Plaintiff filed a Motion to Stay proceedings **[docket # 5]**. The court next issued an Order Staying Case pending a ruling on the motion to remand **[docket # 9]**. For the following reasons, this court grants plaintiff's Motion to Remand, rendering all subsequent pending motions moot.

### Facts and Procedural Posture

Plaintiff Barry Crowe was employed by defendant LFI, Fort Pierce, Inc. [hereinafter LFI], as a branch manager in Jackson, Mississippi. Plaintiff's employment

---

[1] Title 28 U.S.C. 1447(c) provides in pertinent part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

1

was terminated November 22, 2004, subsequent to allegations that plaintiff had engaged in sexual harassment of a female employee. Plaintiff is a resident of Mississippi. Defendants LFI, Fort Pierce, Inc., Cleve Mathis, and William Ehman are either out-of-state entities or residents. Defendant Brenda Harrison is a Mississippi resident. Plaintiff filed suit initially in Circuit Court for the First Judicial District in Hinds County, Mississippi. Plaintiff alleged wrongful termination, breach of contract, tortious interference with a contract, infliction of emotional distress, libel, slander and defamation, invasion of privacy, and civil conspiracy/joint venture. Defendants filed their Notice of Removal on May 04, 2005, alleging the diversity jurisdiction of this court pursuant to Title 28 U.S.C. § 1332,[2] and fraudulent joinder of the in-state defendant Brenda Harrison to defeat diversity.

## Relevant Law and Application

A defendant seeking to remove a case to federal court bears the burden of establishing that jurisdiction of the district court is proper under the requirements of Title 28 U.S.C. § 1441(a).[3] Where an in-state defendant would otherwise defeat diversity jurisdiction under § 1332, the doctrine of improper joinder may provide a narrow exception to this rule of complete diversity. *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The burden placed on defendants to prove improper joinder is

---

[2]Title 28 U.S.C. § 1332(a)(1) provides the district courts with "original jurisdiction of all civil matters where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between - (1) Citizens of different States..."

[3]Title 28 U.S.C. § 1441(b) requires that a civil action based on diversity "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

a heavy one, and requires clear and convincing evidence that the non-diverse party may be dismissed, allowing the exercise of federal diversity jurisdiction. *Peters v. Metropolitan Life Ins. Co.*, 164 F. Supp. 2d 830, 833 (S.D. Miss. 2001). This may be done by a showing of either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). All factual allegations, contested issues of substantive fact, and ambiguities in state law must be resolved in favor of the plaintiff. *Id*. at 834. The district court need not rule on the merits of the plaintiff's case, but only as to the possibility that he might prevail. *Id.*

To resolve whether plaintiff has a reasonable basis for recovery under state law, the court first may conduct "a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the defendant." *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(en banc). So, for purposes of determining improper joinder, the court may go beyond the pleadings and consider summary judgement-type evidence. *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004). If there is any possibility that the plaintiff has stated a cause of action against a non-diverse defendant, the federal court must conclude that joinder is proper, thereby defeating complete diversity, and the case must be remanded. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

Defendants contend that Debra Harrison is merely an employee of LFI, and that her actions in the course and scope of her employment will not render her liable for LFI's corporate conduct. Plaintiff does not distinguish between defendants or list

specific factual allegations against Harrison in his complaint.

In his Motion for Remand and supportive documents,[4] plaintiff has submitted evidence aimed at showing that defendant Harrison intentionally coerced a subordinate employee to sign known false accusations of sexual harassment against the plaintiff for the purpose of terminating his employment.  Under an improper joinder inquiry, this court must construe these alleged facts in favor of the plaintiff.  Resultantly, this court must conclude that plaintiff has demonstrated the threshold possibility of establishing a valid state law claim against Harrison.

## Conclusion

Defendants, who have the burden of proof here, have not shown that plaintiff herein has no possibility of prevailing on his state law claim against defendant Harrison. Accordingly, this court grants plaintiff's motion to remand and finds that all other outstanding motions in the case are moot.

**SO ORDERED AND ADJUDGED, this the 24th day of March, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:05-cv-278 WS
Order Granting Remand

---

[4]*See* Motion to Remand, with attached Exhibit 1 [docket #7]; *see also* Memorandum in Support re Motion to Remand [docket # 8].